UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA KOBLENTZ,<br><br>                          Plaintiff,<br><br>     vs.<br><br>THE UPS FLEXIBLE EMPLOYEE<br>BENEFIT PLAN,<br><br>                          Defendant. | CASE NO. 12-CV-0107-LAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I. Introduction

This is an ERISA case. Sara Koblentz, a United Parcel Service employee, has sued her employer's Flexible Benefits Plan ("the Plan") for its refusal to cover inpatient treatment she received for alcoholism and an eating disorder. Now pending before the Court is the Plan's motion to dismiss. The Plan alleges, first, that Koblentz assigned her right to sue to her treatment center, and second, that Koblentz's claim is contractually time-barred. The Court disagrees with the Plan on the first point, but agrees with it on the second. It therefore **GRANTS** the Plan's motion to dismiss.

## II. Factual and Procedural Background

On December 16, 2009, Koblentz enrolled in an inpatient alcoholism and eating disorder treatment program at Timberline Knolls Residential Treatment Center. (FAC ¶¶ 9-10.) Fifteen days later, she learned that the Plan was refusing to pay for her treatment,

and she left the program immediately.  (FAC ¶ 10.)  In the following months the Plan communicated with Koblentz through its claims administrator, ValueOptions, and the Plan's Claims Review Committee.  The Plan denied Koblentz's first level appeal, filed by Timberline Knolls, and initiated an automatic second level appeal.  On April 1, 2010, the Plan wrote Koblentz a letter denying her second level appeal, which Koblentz alleges she did not initially receive, at least in full.  (FAC ¶ 16.)  On April 29, the Plan again wrote to Koblentz, "[Y]our appeal rights have been exhausted through ValueOptions and the Plan."  (FAC ¶ 20.)  On May 28, the Claims Review Committee sent Koblentz a second copy of the April 1 letter denying her second level appeal.  (FAC ¶ 25.)  And on July 22, 2010, the Plan informed Koblentz of the denial of her second level appeal a fourth time, stating that all her appeals had been exhausted.  (FAC ¶ 27.)  Koblentz filed this ERISA lawsuit on January 12, 2012.

## III.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In deciding a motion to dismiss, the court accepts all factual allegations in the complaint as true, and draws all reasonable inferences in favor of the nonmoving party.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted). Nevertheless, the reviewing court need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

## IV.  Consideration of Extrinsic Documents

The Plan asks the Court to consider thirteen documents attached to its motion, none of which are attached to the FAC itself.  They are the provisions of the Plan, various

///

///

correspondences with Koblentz, and documents related to the handling of her claim.[1]  This is acceptable.

"Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  A court may treat such documents as "a part of the complaint, and thus may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *United States v. Ritchie,* 342 F.3d 903, 908 (9th  Cir. 2003).

The Court can consider the documents in question because Koblentz's complaint necessarily relies on them.  Koblentz's claims are based primarily on the Plan's alleged violation of appeal procedures described in the Summary Plan Description (SPD) and incorporated by the terms of Plan.  She purports to quote substantial text from these procedures and alleges that the contents of her correspondence with the Plan substantiate her claims.  The Plan attaches the very same documents to its motion and Koblentz does not challenge their authenticity.  The Court can therefore consider them.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 2003) (on a motion to dismiss an ERISA claim, documents governing plan membership, coverage, and administration were "essential to the complaint"); *Pension Ben. Guar. Corp. v. White Consol. Indus., inc.,* 998 F.2d 1192, 1197 (3d Cir. 1993).

**IV.  Discussion**

As the Court said at the outset, the Plan's motion to dismiss presents two questions.  The first is whether Koblentz assigned away her right to sue to Timberline Knolls.  The second is whether this lawsuit is time-barred.

///

---

[1] The FAC explicitly references and alleges the contents of eleven of the thirteen documents.  The two outlying documents are Dkt. No. 18-4, Timberline Knolls Financial Responsibility Agreement Insurance Form, and Dkt. No. 18-5, notes summarizing correspondences between Koblentz and ValueOptions.  Neither of these documents works against Koblentz's claim here, so the question of their admissibility is somewhat less imperative.

12-CV-0107 LAB

**A. Koblentz's Right to Sue**

ERISA creates a cause of action for a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Civil actions may be brought under the statute by participants, beneficiaries, fiduciaries, and the Secretary of Labor. *Id*. But they may also be brought by health care providers to whom a plan participant has assigned her rights. *Misic v. Bldg. Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986). Such an assignment, in some cases, may deprive the participant of her right to sue. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1283 (9th Cir. 1983). A court's task in interpreting the scope of an assignment is to "enforce the intent of the parties." *Id.* Courts must look to the language of an ERISA assignment itself to determine the scope of the assigned claims. *See Eden Surgical Ctr. v. B. Braun Med., Inc.*, 420 F. App'x 696, 697 (9th Cir. 2011).

The plain language of the Agreement shows that it has no effect on Koblentz's right to sue the Plan. The Agreement merely guarantees Timberline Knoll's payments by assigning Koblentz's benefits to it, but it is still Koblentz who is personally responsible for making sure Timberline Knolls gets paid. (*See* Dkt. No. 18-4 at 4 ("We will submit claims on your behalf. You are responsible for payment[.]").) That responsibility actually requires that she be able to sue the Plan. In other words, the Agreement assigns just benefits, not the claims from which the benefits come. *Klamath-Lake*, which the Plan cites here, is distinguishable on that very point. *Claims* were explicitly assigned in that case. *Klamath-Lake Pharm. Ass'n,* 701 F.2d at 1283. The language of the Agreement simply does not deprive Koblentz of her right to sue the Plan, in the Court's judgment.

**B. Timeliness of Koblentz's Claim**

The statute of limitations for recovering against a California employer under ERISA is four years. *Wetzel v. Lou Ehlers Cadillac Group,* 222 F.3d 643, 648 (9th Cir. 2000). However, if a plan provides for a shorter contractual limitations period, then that period will be enforced so long as it is reasonable. *Sousa ex rel. Will of Sousa v. Unilab Corp. Class*

*II (Non-Exempt) Members Grp. Benefit Plan*, 252 F. Supp. 2d 1046, 1055-56 (E.D. Cal. 2002). A period begins to run as defined by the plan's terms. *Mogck v. Unum Life Ins. Co. of Am.*, 292 F.3d 1025, 1028 (9th Cir. 2002). Terms in ERISA insurance policies should be interpreted "in an ordinary and popular sense as would a person of average intelligence and experience." *Simkins v. NevadaCare, Inc.*, 229 F.3d 729, 734-35 (9th Cir. 2000); *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990). Ambiguous language is construed in favor of the insured and against the insurer. *McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1134 (9th Cir. 1996). However, if a reasonable interpretation favors the insurer and finding another interpretation would be strained, the court is not to torture or twist the language of the policy. *Simkins*, 229 F.3d at 735; *Evans*, 916 F.2d at 1441.

The terms of the Plan, as incorporated from the SPD, include a contractual "Limitation on Legal Action" provision. (Dkt. No. 18-2 at 120.) It states that "[a]ny legal action to receive Plan benefits must be filed [within] . . . six months from the date a determination is made under the Plan or should have been made in accordance with the Plan's claims review procedures." The relevant review procedures indicate that a determination is "made" for this purpose once a Plan member receives notice that a second level appeal has been denied. (Dkt. No. 18-2 at 119-120.) The allegations of the complaint make clear that the second level appeal denying Koblentz's claim for benefits was made April 1, 2010. Six months from that determination is October 1, 2010.[2] Koblentz's claim, filed on January 12, 2012, is therefore time-barred unless the limitations period is unreasonable, or the Plan did not comply with ERISA requirements in informing Koblentz of the denial.

Koblentz does not argue that the six-month limitations period is unreasonable, nor could she, since similar contractual limitations periods have been upheld and found reasonable. *See, e.g., Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301 (11th Cir. 1998) (finding 90-day period reasonable and enforceable);

---

[2] Koblentz alleges she did not receive notice of her right to bring a civil action under § 502(a) until May 28, 2010. This allegation is immaterial to the Court's analysis. Whether Koblentz received the second page of the denial letter sent on April 1, 2010, or on May 28, 2010, the six-month contractual limitation was long-expired by the time she filed her claim in January of 2012.

12-CV-0107 LAB

1  *Roback v. UPS Retired Employees' Healthcare Plan*, No. 09-CV-14478, 2010 WL 4286180,

2  at *6 (E.D. Mich. Oct. 26, 2010) (granting motion to dismiss because action was barred by

3  the plan's six-month limitation on legal action).

4       Deprived of the argument that six months is an unreasonable limitations period,

5  Koblentz argues that the contractual time limitation did not begin to accrue due to insufficient

6  notice under ERISA.  Under 29 U.S.C. § 1133, all plans must "provide adequate notice in

7  writing to any participant or beneficiary whose claim for benefits under the plan has been

8  denied[.]"  The corresponding regulations require that plan administrators provide claimants

9  the following information:

10              (i) The specific reason or reasons for the adverse determination;

11              (ii) Reference to the specific plan provisions on which the
                determination is based;

12

13              (iii) A description of any additional material or information
                necessary for the claimant to perfect the claim and an
                explanation of why such material or information is necessary;

14

15              (iv) A description of the plan's review procedures and the time
                limits applicable to such procedures, including a statement of the
                claimant's right to bring a civil action under section 502(a) of the
16              Act following an adverse benefit determination on review.

17              (v) In the case of an adverse benefit determination by a group
                health plan or a plan providing disability benefits,

18

19              (A) If an internal rule, guideline, protocol, or other similar
                criterion was relied upon in making the adverse determination,
                either the specific rule, guideline, protocol, or other similar
20              criterion; or a statement that such a rule, guideline, protocol, or
                other similar criterion was relied upon in making the adverse
21              determination and that a copy of such rule, guideline, protocol,
                or other criterion will be provided free of charge to the claimant
22              upon request; or

23              (B) If the adverse benefit determination is based on a medical
                necessity or experimental treatment or similar exclusion or limit,
24              either an explanation of the scientific or clinical judgment for the
                determination, applying the terms of the plan to the claimant's
25              medical circumstances, or a statement that such explanation will
                be provided free of charge upon request.

26

27  29 C.F.R. § 2560.503-1.  Substantial compliance with these requirements is sufficient.

28  *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1032 (9th Cir. 2006) (*citing Brogan v.*

1    *Holland*, 105 F.3d 158, 165 (4th Cir. 1997)).  To substantially comply with the regulation, the

2    Plan "must have supplied the beneficiary with a statement of reasons that, under the

3    circumstances of the case, permitted a sufficiently clear understanding of the administrator's

4    position to permit effective review."  *Brogan,* 105 F.3d at 165.

5         A review of the April 1, 2010, denial letter shows that the Plan's notice substantially

6    complied with ERISA regulations.   The letter provided information complying with

7    subsections (i),[3] (ii),[4] (iv),[5] and (v)[6] of 29 C.F.R. § 2560.503-1.[7]  Compliance with section (iii)

8    was not required here because there was no indication that any particular additional

9    information was needed to make a reasoned decision.  *See Kerney v. Standard Ins. Co.*,

10    175 F.3d 1084, 1091 (9th Cir. 1999).

11         The April 1 letter, therefore, provided Koblentz with a "statement of reasons that,

12    under the circumstances of the case, permitted a sufficiently clear understanding of the

13    administrator's position to permit effective review[.]"  *See Brogan,* 105 F.3d at 165.  The

14    letter complied with all pertinent ERISA regulations, exceeding the ERISA requirement of

15

16

17 ─────────────────

18     [3] "[T]he Committee agrees that the [residential treatment] level of care from December 16, 2009 through January 8, 2010 was not medically necessary and that intensive outpatient would have been appropriate[.]" (Dkt. No. 18-3 at 82.)

19

20     [4] "In the 'Medical' section under the heading 'Mental Health and Substance Abuse Treatment' of the Plan's Summary Plan Description (SPD) it states that medically necessary means care that, as determined by ValueOptions can reasonably be expected to improve an individual's condition or level of functioning[.]" (Dkt. No. 18-3 at 82.)

21

22     [5] "This is the Claims Review Committee's final decision.  We are required by federal law to inform you that you may have a right to bring a civil action in federal court in accordance with ERISA Section 502(a)." (Dkt. No. 18-3 at 82.)

23

24     [6] "Upon receipt of the appeal the Committee requested that a peer physician review all submitted documentation.  The reviewer stated . . . Certification for [residential treatment] is not medically necessary . . . . [T]he review does not indicate the presence of biomedical or psychological complications . . . . After a thorough review of the records, information submitted and the opinion of the peer physician, the Committee agrees that the [residential treatment] level of care . . . was not medically necessary." (Dkt. No. 18-3 at 82.)

25

26

27

28     [7] As discussed above, the Court may consider the Plan's April 1, 2010 letter because its contents are alleged in the complaint and Koblentz's claim necessarily relies on it.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

substantial compliance.[8]  The Court finds that the Plan's notice to Koblentz conformed to the terms of the Plan and substantially complied with applicable ERISA requirements, affording Koblentz the opportunity for a full and fair review.  Accordingly, Koblentz's claims are contractually time-bared by the Plan's Limitation on Legal Action.  Because Koblentz's claims are time-barred, she does not state a claim upon which relief may be granted.  *Navarro,* 250 F.3d at 732.  The Court **GRANTS** the Plan's motion to dismiss Koblentz's claims under Rule 12(b)(6), **WITH PREJUDICE**.

    **IT IS SO ORDERED**.

DATED:  August 23, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[8] While the April 1, 2010 letter was sufficient to provide the required notice under the Plan and under ERISA, the Plan provided additional notice of final determination of denial of Koblentz's claim in a April 29 letter, and again when it resent the April 1 letter on May 28. On July 22, 2010, the Plan wrote Koblentz a fourth time, "stating all appeals had been exhausted." (FAC ¶ 27.) Koblentz's own June 24, 2010 letter, referenced in her complaint, indicated she had actual knowledge of the final denial of her claim at that writing. If any of these communications equated to sufficient notice, then Koblentz's January 12, 2012 complaint is time-barred.